## 33207. GALLOWAY v. ANDERSON.

WORRILL, Judge. 1. Where, pending this action for damages for trespass to land, the defendant sued out against the plaintiff a peace warrant, on which the "plaintiff was arrested and carried to jail, at which place she was fingerprinted and required to give bond"; and where "thereafter on the hearing of this peace warrant, the defendant who took out said warrant, failed to show up and prosecute the case and the same was dismissed"—evidence relating to such peace warrant and of the plaintiff's arrest and incarceration thereunder, was not admissible in the trial of the action for damages for trespass to the realty, and the trial court did not err in refusing to permit the introduction of such evidence and in thereafter overruling the plaintiff's motion for a new trial complaining of that ruling. This ground of the motion for a new trial shows that the issuance of the peace warrant occurred subsequent to the filing of this complaint for damage to the realty; that it had no connection therewith, and evidence of such acts illustrated no issue in the case being tried, but was evidence of injury, if any, to the person of the plaintiff growing out of an entirely separate and distinct transaction in no way connected with the alleged original trespass to the realty.

2. The question of damages being one exclusively for the jury, and the evidence in this case being in conflict, and there being little, if any, evidence of aggravating circumstances such as would authorize the award of punitive or exemplary damages, the verdict of the jury for $100 "nominal damages" was authorized, and no error of law appearing, the trial court did not err in overruling the plaintiff's motion for a new trial on the general grounds.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED MARCH 2, 1951.

O. C. Hancock, Leonard Pennisi, D. W. Rolader, for plaintiff. Harold Sheats, for defendant.